UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jonathan Lee Riches, | ) | |
| | ) | |
| Plaintiff, | ) | **Report and Recommendation** |
| | ) | |
| vs. | ) | |
| | ) | |
| Dale Van Atta and Jacqueline Leo; | ) | C/A No. 6:08-0716-MBS-WMC |
| | ) | |
| Elizabeth Snodgrass and Camilla Bozzoli; | ) | C/A No. 6:08-0717-MBS-WMC |
| | ) | |
| Penelope Rowlands and Wendy Moonan; | ) | C/A No. 6:08-0718-MBS-WMC |
| | ) | |
| Thomas Edward Cavanagh and Karen Cavanagh; | ) | C/A No. 6:08-0719-MBS-WMC |
| | ) | |
| Kenneth Eugene Speight and Erik Christian Pinkston; | ) | C/A No. 6:08-0720-MBS-WMC |
| | ) | |
| Down Below Gang, Emile Fort, and Edgar Diaz; | ) | C/A No. 6:08-0721-MBS-WMC |
| | ) | |
| Joseph B. Gildenhorn and David A. Metz; | ) | C/A No. 6:08-0722-MBS-WMC |
| | ) | |
| Ashlee Simpson and Pete Wentz; | ) | C/A No. 6:08-0723-MBS-WMC |
| | ) | |
| Vanessa Grigoriadis and Greil Marcus; | ) | C/A No. 6:08-0724-MBS-WMC |
| | ) | |
| Thomas Campbell Butler, M.D., and Freddy J. Williams, M.D.; | ) | C/A No. 6:08-0725-MBS-WMC |
| | ) | |
| Abdul Raouf Hasan Khalil and Syed Khuddin Ali Akbar; | ) | C/A No. 6:08-0726-MBS-WMC |
| Defendants. | ) | |

The Plaintiff, Jonathan Lee Riches (Plaintiff), is a federal inmate at FCI-Williamsburg proceeding *pro se*.[1] Plaintiff filed the eleven (11) civil actions listed above as "class action"

---

[1] Since December, 2007, Plaintiff has filed one hundred and fifty-four (154) cases, including the present action, with this Court. Over two hundred (200) additional cases have been received from the Plaintiff and are currently being processed.

suits against a variety of defendants.   The complaints, which are construed as civil rights actions pursuant to 42 U.S.C. § 1983, request injunctive relief.[2]

## Pro Se Review

A review has been made of the *pro se* pleadings pursuant to the Prison Litigation Reform Act (PRLA).[3]  This review has also been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*) (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*).  Even under this less stringent standard, however, the *pro se* complaints are subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a

---

[2] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[3] It is noted that Plaintiff failed to provide the financial documents necessary to render these cases in proper form.  Typically, an order directing the prisoner to submit an Application to Proceed Without Prepayment of Fees and Costs (Form AO-240) and a Financial Certificate would be issued for each case.  *See* Procedures In Civil Actions Filed By Prisoner *Pro Se* Litigants, Misc. No. 3:07-mc-5014-JFA.  However, as Plaintiff is barred by the "three strikes" rule in the above actions from proceeding *in forma pauperis,* an order directing Plaintiff to submit an application to proceed without prepayment of the fees would be futile.

district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

The Plaintiff's claims in the above listed cases are subject to summary dismissal under the "three strikes" rule of the Prison Litigation Reform Act. This rule, codified at U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Congress enacted the three-strikes rule to bar prisoners, such as the Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil rights litigation. *See Senate Select Committee on Presidential Campaign Activities v. Nixon*, 366 F. Supp. 51, 55 & n. 6 (D.D.C. 1973) ("When it comes to the jurisdiction of the federal courts, truly, to paraphrase the scripture, the Congress giveth and the Congress taketh away."). *See*

3

*Also Bay View, Inc. v. AHTNA, Inc.*, 105 F.3d 1281, 1283, (9th Cir. 1997); *NGS American, Inc. v. Barnes*, 998 F.2d 296, 298 (5th Cir. 1993).

This Court may take judicial notice that the Plaintiff has previously filed at least three (3) cases dismissed and deemed a strike under § 1915(g) by this Court.[4] *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (the court may take judicial notice of its own records). *See also Mann v. Peoples First Nat. Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties). In light of the Plaintiff's prior "strikes," he cannot proceed with the instant complaints unless (1) his claim satisfies the exception for "imminent" physical harm provided by the three-strikes rule, or (2) he pays the full filing fee. 28 U.S.C. § 1915(g). *See also Banos v O'Guin*, 144 F.3d 883 (5th Cir. 1998).

In order to invoke the "imminent danger" exception of § 1915(g), an "inmate must make 'specific fact allegations of ongoing serious injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson v. Warner*, No. 05-7048, slip op. at 272, 200 Fed. App'x 270, 272 (4th Cir. 2006)(quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). In addition, fact allegations that are remote, speculative, or hypothetical do not rise to the level of "imminent danger." *See Welch v. Selsky*, 2008 WL 238553, at *5 (N.D. New York, Jan. 28, 2008)("The imminent danger an inmate faces, moreover, must be real, and not merely speculative or hypothetical."). *See also White v.*

---

[4] Plaintiff has filed more than three (3) prior frivolous cases in this Court since 2006, and such previous frivolous filings have been duly noted in reports and recommendations and/or orders of this Court in the following cases: Civil Action Nos. 4:06-442-MBS-WMC, 4:07-4094-MBS-WMC, 4:07-4095-MBS-WMC, 4:07-4097-MBS-WMC, 4:07-4098-MBS-WMC, and 6:07-4135-MBS-WMC.

4

*State of Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998)(vague or conclusory assertions of harm fail to raise a credible allegation of imminent danger).

Obviously aware of the potential three-strikes bar to his claims, Plaintiff includes the term "imminent danger" in six (6) of the above captioned complaints.[5] However, in all but one complaint, Case Action Number (C/A No.) 6:08-716-MBS-WMC, Plaintiff claims he has been threatened by the Defendants as follows:

**1.** *Riches v. Dale Van Atta and Jacqueline Leo*, **C/A No. 6:08-0716-MBS-WMC**.

In this action, Plaintiff claims the Defendants "took away Parole in the Federal System, which violates Plaintiff's Constitutional rights." Plaintiff does not allege "imminent danger" in this case and provides no facts which would evidence a likelihood of imminent serious physical injury. Therefore, this action does not invoke the "imminent danger" exception to § 1915(g).

**2.** *Riches v. Elizabeth Snodgrass and Camilla Bozzoli*, **C/A No. 6:08-0717-MBS-WMC**.

Plaintiff states, "[t]he Federal sentencing guidelines are unconstitutional. . . . Defendant's are threatening to keep plaintiffs in prison. Plaintiffs face imminent danger from defendants threats." In this case, Plaintiff provides no facts which allege any type of ongoing serious injury, or the likelihood of imminent serious physical injury. Therefore, this action does not invoke the "imminent danger" exception to § 1915(g).

---

[5] Plaintiff claims "imminent danger" in the following complaints: C/A No. 6:08-717-MBS-WMC; C/A No. 6:08-718-MBS-WMC; C/A No. 6:08-721-MBS-WMC; C/A No. 6:08-724-MBS-WMC; C/A No. 6:08-725-MBS-WMC; and C/A No. 6:08-726-MBS-WMC.

3. *Riches v. Penelope Rowlands and Wendy Moonan*, **C/A No. 6:08-0718-MBS-WMC**.

In this case, Plaintiff claims, "Plaintiffs and others are in imminent danger. Defendants Federal income Taxes aids and abets in Plaintiffs civil rights abuses at FCI Williamsburg. . . . Defendants tax money pays guards salaries, and finances guards weapons, batons, handcuffs, etc used to torture plaintiffs." Plaintiff's conclusory assertions of "torture" do not raise a credible allegation of imminent danger. As the complaint fails to include any specific facts regarding an ongoing serious injury, or likelihood of imminent serious physical injury to Plaintiff, this action does not invoke the "imminent danger" exception to § 1915(g).

4. *Riches v. Thomas Edward Cavanagh and Karen Cavanagh*, **C/A No. 6:08-0719-MBS-WMC**.

Plaintiff states, "Plaintiffs and others were victims of defendant's ponzi scams. Plaintiffs lost millions of dollars through a IRA Retirement Account Defendants started in 2001. Plaintiffs are getting threats when they ask for their money back." Although Plaintiff claims that he has been threatened by the Defendants, he does not allege "imminent danger" in this case and provides no facts which would evidence a likelihood of imminent serious physical injury. Therefore, this action does not invoke the "imminent danger" exception to § 1915(g).

5. *Riches v. Kenneth Eugene Speight and Erik Christian Pinkston*, **C/A No. 6:08-0720-MBS-WMC**.

Plaintiff claims, "Defendants are a cult of U.C.C. uniform commercial code followers who are trying to extort Plaintiffs in government liens and economic harassment. Everyday Defendants threaten Plaintiffs. Plaintiffs are scared. Plaintiff's are housed with defendants. Plaintiffs are non violent and are subjected to Defendants strong arming." In this action, Plaintiff claims he has been threatened and subjected to "strong arming"/"economic

6

harassment." However, Plaintiff's complaint does not allege imminent danger and provides no specific fact allegations concerning any ongoing serious injury, or likelihood of imminent serious physical injury to Plaintiff. In addition, a search of the "inmate locator" on the Federal Bureau of Prisons' website indicated that neither of the Defendants are incarcerated at FCI-Williamsburg.[6] Therefore, this action does not invoke the "imminent danger" exception to § 1915(g).

6.      *Riches v. Down Below Gang, Emile Fort, and Edgar Diaz*, C/A No. 6:08-0721-MBS-WMC.

Plaintiff states, "Defendant's are a violent prison gang from San Francisco subjecting Plaintiffs to beatings, and extortion. Plaintiffs are housed with violent criminals, this is unconstitutional. Plaintiffs are in imminent danger . . ." While Plaintiff claims that he and other prisoners "similarly situated" are subjected to gang violence, the complaint fails to include any specific fact allegations concerning any ongoing serious injury, or likelihood of imminent serious physical injury to Plaintiff. In addition, a search of the "inmate locator" on the Federal Bureau of Prisons' website indicated that neither of the named individual Defendants are incarcerated at FCI-Williamsburg.   As Plaintiff's vague and conclusory assertions of "beatings" do not raise a credible allegation of imminent danger, this action does not invoke the exception to § 1915(g).

7.      *Riches v. Joseph B. Gildenhorn and David A. Metz*, C/A No. 6:08-0722-MBS-WMC.

Plaintiff claims, "Plaintiffs and others are subjected to force Prison labor. . . . Inmates answer telephones for $5.00 a month, this is a violating of federal minimum wage Laws. Plaintiffs got threatened by defendants on 1-5-08, if they expose this illegal operation at FCI Williamsburg." Although Plaintiff states that he has been threatened by the Defendants, he

---

[6] *See* http://www.bop.gov/

7

does not allege "imminent danger" in this case and provides no facts which would evidence an ongoing serious injury, or a likelihood of imminent serious physical injury. As Plaintiff's vague allegations do not raise a credible claim of imminent danger, this action does not invoke the exception to § 1915(g).

**8.** *Riches v. Ashlee Simpson and Pete Wentz***, C/A No. 6:08-0723-MBS-WMC**.

In this case, Plaintiff states, "Defendants have been threatening and harassing Plaintiffs. . . . Plaintiffs got assaulted by defendants in front of Sam Goody in 2002, for not buying their CD and LP's. Defendant's are violating Plaintiffs due process Rights. FCI-Williamsburg has no medical care, rotten food on Defendants orders." Although Plaintiff states that he has been threatened by the Defendants, he does not allege "imminent danger" and provides no facts which would suggest that the Defendants, who are pop/rock stars, will likely subject him to serious physical injury. As Plaintiff's allegations do not raise a credible claim of imminent danger, this action does not invoke the exception to § 1915(g).

**9.** *Riches v. Vanessa Grigoriadis and Greil Marcus***, C/A No. 6:08-0724-MBS-WMC**.

Plaintiff claims, "Plaintiffs face imminent danger from Defendants threats and food poisoning. Defendants run the FCI Williamsburg food services. We are fed food with no nutritional value since Jun 2006. We had foods with pesticides, rotten fruit, Muslims are served pork. Inmates have no access to Food Labels. Plaintiffs get food poisoning from E Coli, mystery meat." While Plaintiff states that he and other prisoners "similarly situated" are subjected to threats and tainted foods, the complaint fails to include any specific fact allegations concerning any ongoing serious injury suffered by the Plaintiff, or the likelihood of imminent serious physical injury to the Plaintiff. As Plaintiff's conclusory assertions of

"food poisoning" do not raise a credible allegation of imminent danger, this action does not invoke the exception to § 1915(g).

10. ***Riches v. Thomas Campbell Butler, M.D., and Freddy J. Williams, M.D.*, C/A No. 6:08-0725-MBS-WMC**.

Plaintiff states, "FCI Williamsburg does not medically treat Plaintiffs. Plaintiffs are face [sic] imminent danger. Defendant DR.'s have been threatening and not treating Plaintiffs." As in many of the above cases, Plaintiff claims "imminent danger" in this action, but provides no specific fact allegations concerning any ongoing serious injury suffered by the Plaintiff, or the likelihood of imminent serious physical injury to the Plaintiff.   As Plaintiff's vague and conclusory allegations regarding the denial of medical care do not raise a credible allegation of imminent danger, this action does not invoke the exception to § 1915(g).

11. ***Riches v. Abdul Raouf Hasan Khalil and Syed Khuddin Ali Akbar*, C/A No. 6:08-0726-MBS-WMC**.

Plaintiff claims, "Plaintiffs and others face imminent danger from Defendant's and FCI Williamsburg. . . . Plaintiffs are of Jewish faith, Defendants are bias and prejudice." Although Plaintiff claims "imminent danger" in this action, he provides no specific fact allegations concerning any ongoing serious injury suffered by the Plaintiff, or the likelihood of imminent serious physical injury to the Plaintiff.   As Plaintiff's vague and conclusory assertions of "bias and prejudice" do not raise a credible allegation of imminent danger, this action does not invoke the exception to § 1915(g).

As previously discussed, the instant complaints do not invoke the "imminent danger" exception to § 1915(g). Therefore, Plaintiff is barred by the "three-strikes" rule from proceeding with the above referenced cases, unless the filing fees are paid.

**Plaintiff is hereby given a period of ten (10) days, from the date of service of this Report and Recommendation, to pay the three hundred fifty ($350.00) dollar filing fee for *each* of the above cases.   The time calculation of this ten-day  period excludes weekends and holidays and provides for an additional three (3) days for payment of the filing fees by mail.**

### Recommendation

Should Plaintiff fail to pay the filing fees as directed above, it  is recommended that the complaints be dismissed under the "three strikes" rule of 28 U.S.C. § 1915(g).  *See Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Brown v. Briscoe*, 998 F2d 201, 202-04 & n.* (4th Cir.1993); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).  The Plaintiff's attention is directed to the important notice on the next page.

March 17, 2008                                              s/William M. Catoe
Greenville, South Carolina                         United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).